IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

ALONZO MOREFIELD, JR.,  )
                         )
    Plaintiff,           )
                         )
v.                       )   CV 310-079
                         )
DR. CALEB AJIBADE; JOSE MORALES, )
Warden; TIMOTHY JONES[1], Deputy  )
Warden; JAMIE CLARK, Deputy Warden; )
GAIL POWELL, Health Care            )
Administrators; and KEITH MORRIS,   )
Chief Counselor, in their individual and )
official capacities,                     )
                         )
    Defendants.          )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently incarcerated at the Autry State Prison[2] in Pelham, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2), and that this action be **DISMISSED** without prejudice.

## I. BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply

---

[1]The **CLERK** is **DIRECTED** to correct the spelling of Timothy Jo<u>n</u>es.

[2]At the time relevant to the claims alleged in the complaint, Plaintiff was incarcerated at Johnson State Prison ("JSP") in Wrightsville, Georgia.

with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[3]

The Eleventh Circuit concluded that § 1915(g) does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Accordingly, the court upheld the constitutionality of § 1915(g). Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

## II. DISCUSSION

### A. Prior Filing History

A review of Plaintiff's history of filings reveals that he has brought at least three cases or appeals that were dismissed as frivolous, malicious, for failure to state a claim upon which relief may be granted, or that otherwise count as a strike under § 1915(g): (1) Morefield v. Smith, No. 07-12889-G (11th Cir. Oct. 5, 2007); (2) Morefield v. United States, CV 105-2126 (N.D. Ga. Sept. 27, 2005) (dismissed for failure to state a claim for § 1983 relief and for improper venue); (3) Morefield v. Ohio Dep't of Rehab and Corr., CV 291-392

---

[3]The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

2

(S.D. Ohio Aug. 29, 1991) (dismissed for failure to prosecute).[4] As Plaintiff filed a complaint or appeal that was dismissed as frivolous, malicious, for failure to state a claim upon which relief may be granted, or for failure to prosecute in each of the cases cited above, these previously dismissed cases qualify as strikes under § 1915(g). As Plaintiff has at least three strikes under § 1915(g), he cannot proceed IFP in the present case unless he can demonstrate that he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).[5]

## B. No Allegation of "Imminent Danger"

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). In his complaint, Plaintiff does raise claims of medical neglect, but none that support that he is in imminent danger of serious physical injury. Plaintiff alleges that he saw Defendant Ajibade, a doctor at JSP, on March 1, 2010 regarding tremors in his right

---

[4]As the Honorable B. Avant Edenfield, United States District Judge, has held, "Failure to obey an order of the court, much like a failure to prosecute an action in violation of a court's local rules, is precisely the type of abuse the "three strikes" bar was created to remedy." Breland v. Owens, CV 409-186, doc. no. 4, *adopted by* doc. no. 6 (S.D. Ga. Jan. 13, 2010) (emphasis added) (citing Allen v. Clark, 266 F. App'x 815, 817 (11th Cir. 2008) (*per curiam*) ("A dismissal for failure to prosecute [in violation of the court's local rules] made in the light of a frivolous response to a show cause order is a strike for purposes of section 1915(g).")). Additionally, under Rivera v. Allin, "federal courts in this circuit may properly count as strikes lawsuits or appeals dismissed as frivolous, malicious or failing to state a claim upon which relief may be granted prior to April 26, 1996." 144 F.3d 719, 732 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

[5]Plaintiff has previously had a case dismissed under the three strikes provisions of § 1915(g) in the Southern District of Georgia. See Morefield v. DuPree, CV 607-054, doc. no 47, *adopted by* doc. no. 51 (S.D. Ga. Dec. 3, 2008).

3

hand. (Doc. no. 1, p. 9.) Plaintiff states that Defendant Ajibade ordered an "'EMG.' Nerve Test" and then ended their appointment. (Id.) Plaintiff then claims that he had another appointment the next day with Defendant Ajibade, but was told by a nurse that Defendant Ajibade refused to see him. (Id. at 9-10.) Plaintiff goes on to claim that Dr. Ajibade forged medical records to make it appear as if he had a follow up visit with Plaintiff on March 4, 2010. (Id. at 10.) Plaintiff states that he has high cholesterol, asthma, hypertension, anemia, allergies, and chronic sinus problems. (Id.) Plaintiff's remaining claims against the remaining Defendants involve Plaintiff's contention that he was transferred to Autry State Prison in retaliation for filing grievances regarding Defendant Ajibade, as well as Plaintiff's status as an "African-American grievance writer/ writ writer." (Id. at 11-13.)

The Court looks to Brown v. Johnson, 387 F.3d 1344 (11th Cir. 2004), for guidance on the issue of what constitutes "imminent danger of serious physical injury." In Brown, the Eleventh Circuit relied on several cases already decided in the Third, Seventh, and Eighth Circuits to decide whether a prisoner was "under imminent danger of serious physical injury." Brown, 387 F.3d at 1349-50. For example, the Eleventh Circuit cited with approval an Eighth Circuit case holding that a plaintiff's conclusory assertions that defendants were trying to kill him by forcing him to work extreme conditions on two occasions (months apart), despite his blood pressure condition, were too general to invoke the exception to § 1915(g), "absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Id. (citing Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003)). Furthermore, in Brown, the plaintiff alleged a total withdrawal of treatment for serious diseases, as a result of which he

4

suffered from severe ongoing complications; thus, the Eleventh Circuit concluded that, viewed together, the afflictions of which the plaintiff complained (including his HIV and hepatitis), and the alleged danger of more serious afflictions if he was not treated, constituted imminent danger of serious physical injury. Id. at 1350.

Here, Plaintiff alleges that he missed a single doctor's appointment. He does not contend that there was a chronic pattern of medical neglect, much less a total withdrawal of treatment as seen in Brown. Plaintiff does state that he "suffered harm" when Defendant Ajibade allegedly refused to see him, but he fails to give any examples of what that harm might be. While Plaintiff does claim to have chronic medical conditions, they are not at the same level of severity as the conditions in Brown. In addition, Plaintiff utterly fails to explain how one missed doctor's appointment, on a day immediately following a prior doctor's appointment, aggravated those conditions, much less placed him in imminent danger of serious physical injury. Also, there is nothing in Plaintiff's complaint that even hints that his transfer to Autry State Prison presented him with any risk of bodily harm. Most importantly, Plaintiff has failed to make any allegations at all that demonstrate that he is at risk of harm at the present time. All of Plaintiff's claims arise from the time he spent at JSP, but he has made no claims based on any events since his transfer to Autry State Prison. In sum, Plaintiff has failed to demonstrate that he should be excused from paying the full filing fee under the "imminent danger" exception of § 1915(g).

## C. Dishonesty in Complaint

Moreover, the form complaint Plaintiff used to commence this case, "Form to Be Used by Prisoners in Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983 in the

5

United States District Court for the Southern District of Georgia," requires that prisoner plaintiffs disclose whether they have brought other federal lawsuits while incarcerated and the disposition of any such suits. (Doc. no. 1, pp. 2-4.) Under the question concerning whether a prisoner plaintiff has brought any lawsuits in federal court dealing with facts other than those in this action, Plaintiff did list several other cases. (Id. at 3-4, 15.) However Plaintiff failed, under penalty of perjury, to fully disclose all prior federal lawsuits that he has brought while incarcerated. (Id. at 2, 15.) Plaintiff failed to include in his list one case filed in the Northern District of Georgia, and two cases filed in the Southern District of Ohio. Morefield v. Smith, CV 106-3021 (N.D. Ga. Feb. 20, 2007); Morefield v. Ohio Dep't of Rehab and Corr., CV 291-392 (S.D. Ohio Aug. 29, 1991); Morefield v. Alexander, CV 291-511 (S.D. Ohio June 21, 1991). Simply put, Plaintiff's answer to the question regarding his prior history of filings of cases involving facts other than those involved in this action was improper, and he has lied, under penalty of perjury, about these prior filings.[6]

Additionally, one of the cases that Plaintiff failed to list, Morefield v. Ohio Dep't of Rehab. and Corr., was listed above as a case dismissed for failure to prosecute, and thus counts as a strike under § 1915(g). A question on page 3 of the form Plaintiff submitted requires that he list any lawsuit where he was allowed to proceed IFP and that lawsuit was

---

[6]The Court notes that this is not the first time that Plaintiff has been made aware of his failure to report the two cases from the Southern District of Ohio. In Morefield v. DuPree, CV 607-054 (S.D. Ga. Dec. 3, 2008), the Honorable G. R. Smith, United States Magistrate Judge, ordered Plaintiff to show cause why his case should not be dismissed for failure to fully disclose all of his prior federal lawsuits filed while incarcerated. Id., doc. no. 38. When Plaintiff responded, he still failed to fully disclose all prior cases and was ordered to supplement his response. Id., doc. no. 44. Plaintiff finally submitted a supplemental response which included both cases from the Southern District of Ohio, as well as Plaintiff's admission that Morefield v. Ohio Dep't of Rehab. and Corr. was dismissed for failure to prosecute. Id., doc. no. 56.

dismissed because it was frivolous, malicious or failed to state a claim. Although Morefield v. Ohio Dep't of Rehab. and Corr. was not dismissed for being frivolous, malicious or failing to state a claim, it does count as a strike, and this question was obviously designed to have plaintiffs disclose cases that count as strikes. Therefore, although Plaintiff may not have been technically required to disclose the case in this particular question, the fact that he did not disclose the case at all (as discussed *supra*), a case that counted as a strike, is particularly troubling.

The Eleventh Circuit has indicated its approval of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731, *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007) (citations omitted).[7]

---

[7]The court in Parker thoughtfully ruled as follows:

> The sophistication of [p]laintiff's substantive arguments and his knowledge of the procedural rules convince this Court that [p]laintiff understands the severity of not revealing the truth to the Court. This Court has the authority to control and manage matters such as this pending before it. This Court firmly believes that [p]laintiff must be forced to conform to acceptable standards in approaching this Court.
>
> This Court will not tolerate false responses and/or statements in any pleading or motion filed for consideration by the Court. If the Court cannot rely on the statements and/or responses made, it threatens the quality of

7

In sum, Plaintiff has accumulated three strikes against him and cannot satisfy the dictates of the "imminent danger" exception of § 1915(g); thus, he fails to demonstrate that he should be excused from paying the full filing fee. Furthermore, even if Plaintiff were allowed to proceed IFP, the above-captioned case would still be subject to a recommendation of dismissal as a sanction because he has abused the judicial process by providing dishonest information about his filing history.

### III. CONCLUSION

Accordingly, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2), and that this action be **DISMISSED** without prejudice.[8]

---

justice. Here [p]laintiff has falsely responded [by denying the existence of prior lawsuits] to Question (B) in Section IV, entitled "Previous Lawsuits."

Therefore, this Court is of the opinion that an appropriate sanction is to dismiss this case <u>without prejudice</u> and warn [p]laintiff that such false responses, filed herein or filed in the future, will not be tolerated and may result in more severe and long-term sanctions in the future. For now, this case will be dismissed for [p]laintiff's abuse of the judicial process in not providing the Court with true factual statements and/or responses that can be relied on to bring his case to an expeditious closure.

Rivera v. Parker, CV 396-325, doc. no. 4 (M.D. Fla. May 2, 1996).

[8] In light of the recommendation that Plaintiff's action be dismissed, the Court **REPORTS** and **RECOMMENDS** that his motion to appoint counsel (doc. no. 3) be found **MOOT**. Even if this Court did not recommend that the motion to appoint counsel be found moot, the motion would be dismissed because as a general rule, there is no entitlement to appointed counsel in a civil rights case, such as this one, brought pursuant to 42 U.S.C. § 1983. Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992); Hardwick v. Ault, 517 F.2d 295, 298 (5th Cir. 1975). Rather, the appointment of counsel is a privilege justified only by exceptional circumstances. Dean, 951 F.2d at 1216. Here, Plaintiff fails to show that exceptional circumstances exist (*e.g.*, that he brings a meritable claim of such complexity that counsel would materially assist in its presentation) to justify the appointment of counsel. Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996). Indeed, this is a straightforward case concerning alleged medical indifference and retaliation. Plaintiff had demonstrated, through his detailed complaint, that he can effectively communicate with the court. In addition,

If Plaintiff wishes to proceed with the claims raised in this lawsuit, he should be required to submit a new complaint, along with the full filing fee. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (*per curiam*).

SO REPORTED AND RECOMMENDED this 5th day of October, 2010, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

Plaintiff's concerns regarding access to legal resources and his ability to present evidence and cross examine witnesses are premature at best at this early stage of the case